IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



_____

UNITED STATES OF AMERICA,

v.                                                                                   21-CR-6133

JAMES A. PANE,

                Defendant.

_____

## PLEA AGREEMENT

The defendant, JAMES A. PANE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 844(e) (threatening by mail to injure or intimidate and unlawfully damage and destroy property by means of an explosive), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

  a.    the defendant, through the use of the mail;

  b.    willfully made a threat to injure or intimidate any individual or to unlawfully damage or destroy real or personal property;

  c.    by means of an explosive.

## FACTUAL BASIS

4.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

  a.    Between January 20, 2021, and February 2, 2021, the defendant, JAMES A. PANE, set off numerous explosions in the area of Falleson Road in the City of Rochester.

  b.    On January 23, 2021, the defendant set off an explosion near the residences at 94 Leander Road and 288 Falleson Road. Residents of 94 Leander Road heard two loud booms that shook the entire house. The explosion caused a hole the size of a softball and burn marks in the siding of the house, and damaged a window at 94 Leander Road. The resident of 288 Falleson Road told police that other explosions had been set off at that location on previous days.

  c.    On February 2, 2021, the defendant set off another explosion near 288 Falleson Road.

2

d. Between February 24, and March 9, 2021, defendant mailed letters to numerous residents in the Falleson Road/Leander Road neighborhood. Investigators responded to the neighborhood and collected a total of ten letters - the letters were collected from 288 Falleson Road, 307 Falleson Road, 311 Falleson Road, 69 Leander Road, 87 Leander Road, 88 Leander Road, and 94 Leander Road, 95 Leander Road, 312 Falleson Road and 252 Falleson Road. The letters appeared similar in nature. The envelopes were plain white envelopes with no return address. The delivery addresses were handwritten to "homeowner," and the addresses were incorrectly labeled as either "Falleson Street" or "Leander Street" (the correct designation is "Road" for both roadways). All envelopes were postmarked "Rochester, NY 144 22 Feb 2021 PM2 L" which indicates that the letters were processed through the main United States postal plant on Jefferson Road in Henrietta, New York.

e. Inside each envelope was a single piece of paper of regular-sized white paper with large printed words stating: "I don't mean to bother you people in this neighborhood. But the little fucking crack head at 288 Falleson owes me a lot of money for drugs. He is a liar and a thief. He burned down his father's cottage in the 1000 island for the insurance money, which he was supposed to pay me off with. He didn't. I will keep throwing bombs off in his yard until he pays. call the cops they won't catch me." (errors in original)

f. On March 2, 2021, investigators conducted a garbage search at the defendant's residence at 241 Harding Road in Rochester. The garbage contained a yellow lined paper containing a list of numerous Falleson Road and Leander Road addresses, including the house numbers. Nine of the ten addresses which received the threatening letter referenced in ¶ 4(d) above were on the list. The tenth address (288 Falleson Road) was the address of the target of the explosions.

g. The defendant was arrested on April 8, 2021. He was read his *Miranda* warnings and agreed to speak to the officers. During the interview he stated, among other things:

- The defendant had an ongoing dispute with an individual "M.P." (the target of the explosions) and the defendant believed that M.P. was spreading false rumors about the defendant.

- The defendant threatened M.P. several times to stop spreading the rumors.

- The defendant made the explosive devices and started setting them off to get M.P. to stop spreading the rumors.

- Since the explosions did not stop M.P., the defendant sent the threatening letters throughout the neighborhood in hope that the neighbors would confront M.P.

h.  Investigators showed the defendant copies of the letters and handwritten list retrieved from his garbage and the defendant admitted that the list was in his handwriting and that he made the list of addresses from Google Street View. He also admitted creating the threatening letters and mailing them all on the same day. The defendant admits and agrees that he sent the above-described letters, that the letters contained willful threats to injure and intimidate an individual, and that the letters contained threats to unlawfully damage a building and destroy real and personal property, by means of an explosive.

## III.    SENTENCING GUIDELINES

5.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.     The government and the defendant agree that Guidelines § 2A6.1(a)(1) applies to the offense of conviction and provides for a base offense level of 12.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.     The government and the defendant agree that the following specific offense characteristics apply:

a.     the six-level increase pursuant to Guidelines § 2A6.1(b)(1) (offense involved conduct evidencing an intent to carry out the threat); and

b.     the two-level increase pursuant to Guidelines § 2A6.1(b)(2) (offense involved more than two threats)

4

## ADJUSTED OFFENSE LEVEL

8.      Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 20.

## ACCEPTANCE OF RESPONSIBILITY

9.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 17.

## CRIMINAL HISTORY CATEGORY

10.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.     It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 24 to 30 months, a fine of $10,000 to $95,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14.     In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   REMOVAL

16.    The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

17.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

18.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 21-MJ-566.

19.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   RESTITUTION AND FINANCIAL PENALTY PROVISIONS

20.     Pursuant to Title 18, United States Code, Section 3663(a)(3), the parties agree that the Court shall require restitution in the amount of $2,300 to be paid to the owner of the residence at 94 Leander Street, Rochester, New York, as part of the defendant's sentence, which sum represents the cost to repair the premises after an explosion caused by an explosive detonated by defendant near the residence. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

21.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under

8

oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

22.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

23.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

24.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used

9

to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

25.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

## VIII.  APPEAL RIGHTS

26.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees no to appeal a restitution order which does not exceed the amount set forth in Section VII of this agreement.

27.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

10

28.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

### FIREARMS AND AMMUNITION

29.     The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearm and ammunition described below and agrees to the immediate entry of a Preliminary Order of Forfeiture pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c) against the following property:

    a.     **FIREARM:**

        One Polymer80, Inc. pistol (P80 Tactical P80), with no serial number, seized from 151 Bernice Street, Rochester, New York, on April 8, 2021.

    b.     **AMMUNITION AND FIREARM PARTS AND ACCESSORIES:**

        All seized from 241 Harding Road, Rochester, New York, on April 8, 2021:

        i.     Two (2) silencers, both black;

        ii.     One (1) Polymer 80, Inc. (P80 Tactical P80), unknown receiver/frame, with no serial number;

        iii.     One (1) round of RWS Ammunition CAL: 40;

        iv.     Forty-Three (43) rounds of unknown ammunition CAL: 40;

v.     Forty-One (41) rounds of Remington ammunition CAL: 9;

vi.    Twelve (12) rounds of Winchester-Western ammunition CAL: 40;

vii.   Sixteen (16) rounds of Federal ammunition CAL: 9;

viii.  One Hundred Twenty-Two (122) rounds of Speer ammunition CAL: 9;

ix.    Two Hundred Thirty-Nine (239) rounds of CCI ammunition CAL: 22;

x.     Forty-Nine rounds of Jagemann Technologies ammunition CAL: 9;

xi.    Twenty-Two (22) rounds of Fiocchi ammunition CAL: 40;

xii.   Fifty-Eight (58) rounds of Remington ammunition CAL: 40;

xiii.  Twenty-Five rounds of RWS ammunition CAL: 40;

xiv.   One (1) rounds of Sig Sauer (SIG) ammunition CAL: 9;

xv.    Eleven (11) rounds of Speer ammunition CAL: 40;

xvi.   Two (2) rounds of unknown ammunition CAL: 9;

xvii.  One (1) round of other ammunition CAL: 45;

xviii. One (1) round of RWS ammunition CAL: 40;

xix.   Twenty-Nine (29) rounds of Remington ammunition CAL: 40;

xx.    Two (2) rounds of Fiocchi ammunition CAL: 40;

xxi.   One (1) round of RWS ammunition CAL: 40;

xxii.  Three (3) rounds of Speer ammunition CAL: 9;

xxiii. One (1) round of Remington ammunition CAL: 40;

xxiv.  One (1) round of CCI ammunition CAL: 22/12;

xxv.    Thirteen (13) rounds of Speer ammunition CAL: 40; and

xxvi.   Six (6) rounds of Fiocchi ammunition CAL: 40.

30.     After the acceptance of the defendant's guilty plea, and pursuant to Rule

32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary

Order of Forfeiture for the items listed above.  The defendant hereby waives any right to

notice of such Preliminary Order of Forfeiture.  The defendant further consents and agrees

that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and

become final as to the defendant prior to sentencing and agrees that it shall be made part of

the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the

Federal Rules of Criminal Procedure. The defendant further agrees to waive any time

restrictions or requirements as provided in Title 18, United States Code, Section 983, any

notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure

regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture

at sentencing, and incorporation of the forfeiture in the judgment.

31.     The defendant acknowledges that the defendant understands that the

forfeiture of property is part of the sentence that may be imposed in this case and waives any

failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the

Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of

the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of

imprisonment, or any other penalty the Court may impose upon the defendant in addition

to forfeiture.

13

32.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

33.     The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

34.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearm and ammunition survives and shall be given full force and effect.

## IX.     TOTAL AGREEMENT AND AFFIRMATIONS

35.     This plea agreement represents the total agreement between the defendant, JAMES A. PANE, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

14

TRINI E. Ross   KMH   Me

~~JAMES P. KENNEDY, JR.~~
United States Attorney
Western District of New York

BY:

KATELYN   M.   HARTFORD
Assistant United States Attorney

Dated:  October 18, 2021


I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, Paul Guerrieri, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

JAMES A. PANE
Defendant

Dated:  October 18, 2021

PAUL GUERRIERI, ESQ.
Attorney for the Defendant

Dated:  October 18, 2021